**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TAMMIE K.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 25 CV 12271<br><br>Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tammie K. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion for summary judgment [21] is denied, defendant's motion for summary judgment [22] is granted, and the denial of benefits is affirmed.[1]

## Background

In December 2022, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of December 1, 2022. [14-1] 27. The claim was denied initially, on reconsideration, and by an administrative law judge (ALJ) after a hearing. [*Id.*] 27-38. The Appeals Council denied review in August 2025 [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court, and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date. [14-1] 29-30. At step two, the ALJ determined that plaintiff suffers from the following severe impairments: obesity, diabetes mellitus, dyspnea on exertion, Hashimoto's disease, coronary artery disease, bipolar disorder, major depressive disorder, and

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [14], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [10].

generalized anxiety disorder. [*Id.*] 30. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal a listed impairment. [*Id.*] 30-32. Before turning to step four, the ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform light work, provided that plaintiff must (1) avoid concentrated exposure to hazards such as dangerous moving machinery and unprotected heights, (2) be limited to simple work, and (3) work in a low stress job, meaning no more than ordinary and routine changes in work settings or duties. [*Id.*] 32. At step four, the held that plaintiff could not perform her past relevant work as an office clerk. [*Id.*] 36. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: parts assembler (25,000 jobs), sorter (115,000 jobs), and hotel housekeeper (200,000 jobs). The ALJ accordingly ruled that plaintiff was not disabled.

**Legal Standard**

The Court reviews the ALJ's decision to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

**Discussion**

Plaintiff argues that the ALJ's evaluation of her fatigue did not comply with SSR 96-8p and lacks a substantial evidentiary basis. According to plaintiff, the ALJ ignored most of the evidence documenting her fatigue and failed to explain why he did not include fatigue-related limitations in the RFC determination. [21] 3-7. The Court rejects these arguments for the following reasons.

First, while SSR 96-8p requires that an ALJ discuss "why reported symptom-related functional limitations and restrictions can or cannot be accepted as consistent with the medical and other evidence," 1996 WL 374184, at *7 (July 2, 1996), "[t]his standard does not require an ALJ to 'address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning.'" *Julio C. v. Bisignano*, No. 25-cv-854, 2026 WL 412677, at *3 (N.D. Ill. Feb. 13, 2026) (quoting *Warnell*, 97 F.4th at 1053); *see also Schaekel v. Bisignano*, Case No. 25-CV-506, 2026 WL 2410164, at *3 (E.D. Wis. Aug. 18, 2026) (claimant's argument that remand was warranted because of ALJ's failure to include narrative discussion required by SSR 96-8p in the decision "fails to account for an ALJ's minimal articulation requirement"). As discussed below, moreover, the

ALJ adequately addressed plaintiff's fatigue complaints and met the minimal-articulation requirement, so the ALJ's decision satisfied SSR 96-8p.

Second, the ALJ's subjective symptom determination was not patently erroneous. *See Grace H. v. Bisignano*, Case No. 3:24-cv-50519, 2025 WL 3552408, at *5 (N.D. Ill. Dec. 11, 2025) (claimant's challenge to ALJ's handling of fatigue complaints should be addressed as challenge to ALJ's subjective symptom determination).

"When assessing a claimant's subjective symptom allegations, an ALJ must consider several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations." *Alejandro D. v. O'Malley*, No. 21 CV 5250, 2024 WL 4465475, at *5 (N.D. Ill. Oct. 10, 2024) (internal quotation marks omitted). "The ALJ must explain her subjective symptom evaluation in such a way that allows the Court to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *Id.* (internal quotation marks and brackets omitted). "The Court will overturn an ALJ's evaluation of a claimant's subjective symptom allegations only if it is patently wrong." *Id.* (internal quotation marks omitted).

Here, the ALJ recognized that plaintiff claimed to be disabled because of her fatigue and that plaintiff had told her providers that she experienced fatigue and daytime tiredness. *See* [14-1] 31, 34 (citing treatment notes reflecting that plaintiff told mental health providers she experienced fatigue); [*id.*] 32 (noting plaintiff's report that medications caused difficulty staying awake during the day); [*id.*] 33 (noting plaintiff's report to cardiologist that she experienced fatigue and felt "like she was walking around in a haze"). But the ALJ concluded that these allegations were "less than fully consistent with the evidence" and "not supported by medical and non-medical sources." [*Id.*] 34. The ALJ found that plaintiff "has a history of non-compliance with medical recommendations, further eroding the consistency of her allegations." [*Id.*]. Relevant to plaintiff's fatigue issues, the ALJ specifically noted that plaintiff was "non-compliant with using her C-PAP machine for sleep apnea, and her provider stopped sending her related supplies due to her non-compliance[.]" [*Id.*].[3] Such noncompliance with what the ALJ reasonably characterized as conservative treatment supported the ALJ's subjective symptom ruling. *See Latasha B. v. Kijakazi*,

[3] Plaintiff argues that the Commissioner incorrectly asserts that her obstructive sleep apnea was the only condition that could have caused fatigue. [25] 2. Regardless of whether that is an accurate reading of the Commissioner's brief, *the ALJ* never suggested that plaintiff's fatigue was caused only by sleep apnea. On the contrary, while the ALJ's finding that plaintiff was noncompliant with CPAP treatment is responsive to a claim that plaintiff experienced disabling fatigue from sleep apnea, the ALJ's findings that plaintiff could work part-time and appeared alert and oriented at medical appointments are responsive to a claim that plaintiff experienced disabling fatigue from her other impairments.

No. 20 CV 5181, 2023 WL 8890893, at *6 (N.D. Ill. Dec. 26, 2023). The ALJ then found that, notwithstanding her complaints of constant fatigue, plaintiff presented as alert and oriented during doctor's appointments. [*Id.*] 33-34 (citing [*id.*] 864-66, 884-89). It was permissible for the ALJ to rely on these clinical observations of plaintiff's demeanor when evaluating the credibility of her allegations. *See* 20 C.F.R. § 404.1529(c)(2). Lastly, the ALJ permissibly contrasted plaintiff's fatigue complaints with the fact that she could drive and worked part-time as a grocery delivery driver. *See* 20 C.F.R. § 404.1529(c)(3)(i). In light of this analysis, the Court cannot accept plaintiff's argument that the ALJ "never explains why he does not credit Plaintiff's fatigue-related limitations[.]" [21] 3. On the contrary, the ALJ's subjective symptom determination directly addresses–and rejects–plaintiff's claim that her fatigue caused disabling limitations.

Plaintiff faults the ALJ for not discussing additional medical records documenting her fatigue complaints, *see* [21] 5-6, but the ALJ "need not address every piece or category of evidence," *Warnell*, 97 F.4th at 1053, and it is evident here that the ALJ did not ignore an entire line of evidence relating to plaintiff's disability claim. *See Vicki A. v. Bisignano*, Case No. 3:24-cv-50192, 2026 WL 323513, at (N.D. Ill. Feb. 6, 2026) (subjective symptom determination may be patently erroneous if ALJ "ignore[s] an entire line of evidence contrary to their ruling") (internal brackets omitted).

Finally, plaintiff contends that the ALJ "never explains whether fatigue-related limitations were supported by the record." [21] 3. This argument fails for two reasons. To begin, the state agency reviewers found that plaintiff's fatigue could be accommodated by "avoid[ing] concentrated exposure to hazards such as machinery and unprotected heights." [14-1] 77; *see also* [*id.*] 89 (same). The ALJ credited these opinions, *see* [*id.*] 36, and incorporated that restriction into plaintiff's RFC, *see* [*id.*] 32. Thus, the ALJ found that some fatigue-related limitations were supported by the record. And as explained above, the ALJ's subjective symptom determination is sufficiently articulated such that the Court can discern why the ALJ did not include additional fatigue-related limitations in the RFC. *See Daniel P. v. Bisignano*, Case No. 3:24-cv-50238, 2026 WL 2035279, at *6 (N.D. Ill. July 14, 2026) ("Because the ALJ minimally articulated her reasoning to not credit all of Claimant's complaints and subjective symptoms but still accounted for some of Claimant's limitations, the Court finds there is enough evidence in the record that supports her determination that Claimant's alleged symptoms were not as limiting as he claimed.").

## Conclusion

Plaintiff's motion for summary judgment [21] is denied, defendant's motion for summary judgment [22] is granted, and denial of benefits is affirmed

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 8, 2026**